IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00049-KDB

| | |
|---|---|
| BRIAN HALL,<br><br>      Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI , Acting<br>Commissioner of Social Security[1],<br><br>      Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Brian Hall's Motion for Summary Judgment (Doc. No. 16) and Defendant's Motion for Summary Judgment (Doc. No. 18). Mr. Hall, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for a period of disability and disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

## I. BACKGROUND

On July 15, 2019, Plaintiff filed an application for disability insurance benefits, alleging disability beginning May 31, 2019 (*See* Tr. 12, 149-150). Plaintiff's application was denied initially and upon reconsideration (*See* Tr. 12, 57-81, 85-93, 95-102). After conducting a hearing on September 16, 2020, Administrative Law Judge Darrell Fun (the "ALJ") denied Plaintiff's application in a decision dated October 28, 2020. (Tr. 12-23). On January 22, 2021, the Appeals Council denied Plaintiff's request for review. (*See* Tr. 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Hall has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Hall was disabled under the law during the relevant period.[2] At step one, the ALJ found that Mr. Hall had not engaged in substantial gainful activity ("SGA") since his alleged onset date; and at step two that he had the following medically determinable and severe impairments: obesity; history of lumbar spine surgery in 2000; hypertension; diabetes mellitus; neuropathy; and stasis dermatitis/left extremity edema ( Tr. 14-15) (20 C.F.R. 404.1520(c)). However, the ALJ found at step three that none of Plaintiff's

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See* Tr. 16).

The ALJ then determined that Mr. Hall had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Function by function, the claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can occasionally push and pull and operate foot controls with the bilateral lower extremities. The claimant can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds. The claimant can frequently balance, and occasionally stoop, kneel, crouch and crawl. The claimant can occasionally perform overhead reaching with bilateral upper extremities and is able to frequently reach in other directions. The claimant should avoid exposure to hazardous work tasks, such as working at unprotected heights or working with or near automated moving machinery. The claimant would need to avoid work tasks involving concentrated exposures to extremely hot or humid working environments. The claimant must have the option to change positions from standing or walking for 30 minutes to sitting for 30 minutes while remaining on task (to account for leg swelling with prolonged standing and walking).

(Tr. 17).

At step four, the ALJ found that the Plaintiff was unable to perform his past relevant work as a firefighter (*See* Tr. 21). At step five, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff — given his age (52), high school education, work experience, and RFC — could perform, including office helper, cashier II, and photocopy machine operator (*See* Tr. 22). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from May 31, 2019 through the date of his decision. (*See* Tr. 23).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether

3

the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA,* 699 F.3d 337, 340 (4th Cir. 2012)*; Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020)*; Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

4

Plaintiff raises two challenges to the ALJ's decision. First, he argues the ALJ failed to evaluate the limitations that his morbid obesity in combination with his other limitations would impose on his ability to sustain function and stand and walk. Second, he asserts that the ALJ failed to evaluate the limitations his bilateral lower extremity edema and peripheral neuropathy impose on his ability to stand and walk.

The Court first finds that the ALJ's assessment of the effects of Mr. Hall's morbid obesity is supported by substantial evidence. Specifically, the ALJ found that Mr. Hall's obesity was a severe impairment, (Tr. 15), but that his obesity does not increase the severity of a coexisting or related impairment and does not cause debilitating functional limitations in exertional activities, postural movements, or even exposure with environmental factors (Tr. 16). While the ALJ explained that Mr. Hall's obesity does not cause functional limitations in moving and walking, nevertheless he incorporated various limitations into the RFC to accommodate this impairment and the impact obesity has on musculoskeletal impairments (Tr. 18). The ALJ limited him to light work, precluded him from climbing ladders, ropes or scaffolds, and limited him to occasionally climbing stairs and postural positions on the account of obesity and history of lumbar spine surgery in 2000. *Id*. Furthermore, the ALJ reviewed the state agency physician's evaluation of the medical records, which included notations of his height and weight, and concluded that Mr. Hall could perform light work, with the additional limitations (Tr. 20, 58-68, 70-81). Thus, there is substantial evidence to support the ALJ's assessment of how Mr. Hall's severe impairment of obesity effected his other impairments and the effect that had on his ability to perform light work.

As to Mr. Hall's second argument, the Court also finds substantial evidence to support the ALJ's evaluation of the limitations Mr. Hall's alleged bilateral lower extremity edema and peripheral neuropathy impose on his ability to stand and walk. The ALJ acknowledged that Mr.

Hall estimated that he can walk about half a mile but would subsequently need to elevate his feet for at least an hour (Tr. 17). Despite this, Mr. Hall stated he enjoys playing golf with the assistance of a cart. *Id*. The ALJ further observed that his treatment records from 2019 and 2020 confirmed that Mr. Hall retained normal gait and station, but also noted that he had edema in his legs (Tr. 18-19, 311,320, 324, 333). Despite his complaints of neuropathy, the ALJ noted that Mr. Hall reported to Dr. Girmay that he was able to prepare meals and engage in yardwork (Tr. 19-20, 291-297). Furthermore, Dr. Girmay's sensory examination remarked that Mr. Hall had good sensation to touch and position except for decreased sensory response to light touch with a cotton swab on his feet. *Id*. Dr. Girmay opined that the decreased sensory response was consistent with neuropathy in the feet, but the ALJ found this, in the context of the entire record, does not preclude Mr. Hall from walking and moving about, as well as securing and sustaining employment within the confines of the RFC. *Id*. The ALJ further stated that Mr. Hall's medical records have generally shown no diabetic foot ulcers, normal strength, and tone (Tr. 19). Consequently, the ALJ accounted for these limitations by restricting Mr. Hall to light exertional work with limitations for climbing, balancing, postural positions, avoiding hazards and the option to change positions. *Id*. Accordingly, the ALJ's evaluation of Mr. Hall's alleged bilateral lower extremity edema and peripheral neuropathy impose on his ability to stand and walk is supported by substantial evidence.

As detailed above, the ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 416.946(c). The task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but rather only whether there is substantial evidence to support the ALJ's ruling. The Court has carefully reviewed the record, the authorities, and the parties' arguments. The ALJ applied the correct legal standards and his conclusion that

6

Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 16) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 18) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 9, 2022

Kenneth D. Bell
United States District Judge